UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTHONY W. GREEN,

                Plaintiff,

-v-

NEW YORK CITY DEPARTMENT OF CORRECTION,
ET AL.,

                Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 22 2006 ★
BROOKLYN OFFICE

MEMORANDUM
AND ORDER
06-CV-1836 (RJD)

DEARIE, United States District Judge.

    Plaintiff Anthony W. Green brings this *pro se* action alleging that his rights were violated under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Plaintiff has paid the required filing fee to bring this action. For the reasons discussed below, plaintiff is directed to amend his complaint within thirty (30) days of the entry of this Order.

## BACKGROUND

    Plaintiff Anthony W. Green works at Rikers Island as a Captain for the New York City Department of Correction. Plaintiff alleges that since April 2003, after criminal charges against him were found to be erroneous and dismissed, the New York City Department of Correction and the Firearms Review Board have wrongfully denied plaintiff authorization to carry an off duty firearm. Plaintiff states that he should be allowed to carry an off duty firearm in light of the fact that "in October of 2000 he was brutally attacked by three (3) or more individuals who were later identified as former NYC Department of Correction Inmates, who were all housed in Rikers Island and are all affiliated with the notoriously known gang called the 'Bloods.'" Compl. at 2, ¶

1

3. Plaintiff also states that after he was "brutally battered," the Department of Correction "further endangered his safety by dismissing protective services from guarding him . . .." Compl. at 3, ¶ 5,6. Plaintiff further alleges that the Department of Correction has informed him that "the Firearm Review Board was his final administrative remedy, and that he had no appeal rights in overturning their unexplained decision." Comp. at 6, ¶ 15. Plaintiff also alleges the decision to deny his firearm request was retaliatory. Plaintiff states,

> [i]t is a very well known practice that high-ranking officials throughout the department abuse their position by denying their law enforcement officials gun carrying permits as an act of retaliation for grieving unfair managerial practices.

Compl. at 6, ¶ 16. Plaintiff seeks for this Court to

> intercede where the defendants have failed, and immediately order that the defendants provide the plaintiff with a tactical Emergency Services Unit escort team that safeguards the lives of him and his family, have his departmental firearm carrying permit restored back to him, and award him $1,000,000.00 in punitive and compensatory damages.

Compl. at 6.

## DISCUSSION

<u>Conditions Precedent to Filing a Title VII Civil Action</u>

Plaintiff brings this action pursuant to Title VII alleging that "[a]side from [his] ethnic background (African American) [he] is convinced that he is also being discriminatorily [sic] punished by the defendants because . . . he has played an active role in helping a multitude of other uniformed employees protect their civil rights from various action of managerial abuse." Compl. at 2, ¶ 2, b. Title VII prohibits employers from discriminating on the basis of an individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a). In order to bring a claim of employment discrimination, plaintiff must show: (1) membership in a protected

2

class; (2) satisfactory job performance; (3) termination from employment or otherwise adverse employment action; (4) under circumstances giving rise to an inference of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995). However, a Title VII plaintiff is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right to sue notice before bringing a Title VII claim in federal court. Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003).

The Second Circuit has consistently held, "exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (citation and internal quotation marks omitted). Exhaustion is a precondition to bringing a Title VII claim in federal court rather than a jurisdictional requirement. Id. Courts have explained that "[t]he significance of this distinction is that insofar as the district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies, the requirement is theoretically 'subject to waiver, estoppel, and equitable tolling.'" O'Neal v. State Univ. of N.Y., No. 01 CV 7802, 2003 WL 1524664, at *4 (E.D.N.Y. Mar. 24, 2003) (quoting Francis, 235 F.3d at 767).

Here, plaintiff annexes to his complaint a letter dated March 29, 2006 from the EEOC which indicates that they have reviewed plaintiff's discrimination charge. The letter states that the EEOC will be unable to assist plaintiff with his complaint because he provided insufficient information to make a prima facie case of discrimination or retaliation. To date, a right to sue letter has not been issued. Therefore, plaintiff is given thirty days leave to replead his Title VII

claim to include the steps he has taken to exhaust his administrative remedies as set forth above.

Section 1983 Claim

To state a cognizable claim under § 1983, a plaintiff must allege that he was deprived of his rights secured under the Constitution and laws of the United States by a defendant acting under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Dwares v. City of New York, 985 F.2d 94, 97 (2d Cir. 1993). It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (citations omitted). Plaintiff, however, only names the New York City Department of Correction; he does not name the individual defendants who allegedly violated his constitutional rights or allege how each defendant was personally involved in the denial of his constitutional rights. In addition, aside from conclusory allegations that his First Amendment rights were violated, he does not allege facts to show the deprivation of a federal constitutional right.

Furthermore, in order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). Although plaintiff alleges the "practice that high-ranking officials throughout the department abuse their position by denying their law enforcement officials gun carrying permits

4

as an act of retaliation for grieving unfair managerial practices," Compl. at 6, proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless the plaintiff can prove that the incident was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, notwithstanding plaintiff's claim, he does not allege sufficient facts to demonstrate that his rights were violated as a result of any officially adopted policy or custom.

In addition, plaintiff is advised that the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Therefore, to the extent plaintiff seeks to state a policy or practice claim against a municipal entity such as the New York City Department of Correction, plaintiff must bring the action against the City of New York. See Lovanyak v. Cogdell, 955 F.Supp. 172, 174 (E.D.N.Y. 1996) (as an agency of the City of New York, the New York City Department of Corrections is not a suable entity) (citing Bailey v. New York City Police Dep't, 910 F.Supp. 116, 117 (E.D.N.Y. 1996).

## CONCLUSION

Plaintiff is hereby directed to file an Amended Complaint as specified above, to support his Title VII and Section 1983 claims, within thirty (30) days from the entry of this Order. If appropriate, plaintiff is also directed to amend his complaint to name the City of New York and to allege facts to demonstrate the existence of a municipal policy that led to his claimed deprivation of a constitutional right. Brown, 520 U.S. at 403. Plaintiff shall also name the City

5

of New York and any individual defendants in the caption of his amended complaint.

Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this Order.

SO ORDERED.

> s/Raymond Dearie
> RAYMOND J. DEARIE
> United States District Judge

Dated: Brooklyn, New York
5/17 2006